RUCKER, APPELLANT, v. EVEREN SECURITIES, INC. ET AL., APPELLEES.

[Cite as *Rucker v. Everen Securities, Inc.*, 102 Ohio St.3d 1247, 2004-Ohio-3719.]

(No. 2003–0814—Submitted April 13, 2004—Decided July 28, 2004.)

{¶ 1} The discretionary appeal is dismissed, sua sponte, as having been improvidently accepted. The court orders that the court of appeals' opinion may not be cited as authority except by the parties inter se.

RESNICK, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., dissent.

Francis E. Sweeney, Sr., J., dissenting.

{¶ 2} I respectfully dissent from the court's decision to dismiss this case as having been improvidently accepted. The court of appeals committed two errors worthy of review and reversal.

{¶ 3} First, the court of appeals improperly substituted its judgment for that of the fact-finder when it determined that plaintiff-appellant, Reginald Rucker, failed to establish the essential elements of promissory estoppel. In order to prevail on this cause of action, a plaintiff must show the existence of a promise that the promisor should reasonably expect to induce action or forbearance by the promisee and that does induce such action or forbearance. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph three of the syllabus. The promise will be binding if injury can be avoided only by enforcement of the promise. Id. at 105, 19 OBR 261, 483 N.E.2d 150.

{¶ 4} Whether Everen Securities made certain promises regarding the establishment of a minority investment firm upon which Rucker detrimentally relied, and whether the promises were fulfilled are factual issues. The jury considered the evidence and concluded that Rucker proved this claim. The court of appeals erroneously overturned the jury's verdict.

{¶ 5} More troubling, however, is that the appellate court did not stop at merely reversing a factual jury determination. Instead, without solicitation, it invoked the parol evidence rule and held that a future written contract with an integration clause "precludes any claim by Rucker of promissory estoppel because any oral promises made to Rucker prior to entering into a written agreement cannot be considered." This incorrect statement of law reveals the appellate court's misunderstanding of the promissory estoppel doctrine.

{¶ 6} An integration clause is nothing more than the contract's embodiment of the parol evidence rule, i.e., that matters occurring prior to or contemporaneous with the signing of a contract are merged into and superseded by the contract. *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 27–28, 734 N.E.2d 782. " 'The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract.' " Id. at 27, 734 N.E.2d 782, quoting *Charles A. Burton, Inc. v. Durkee* (1952), 158 Ohio St. 313, 324, 49 O.O. 174, 109 N.E.2d 265, paragraph one of the syllabus. Yet a claim based on promissory estoppel does not contravene the parol evidence rule. Promissory estoppel is an equitable doctrine for enforcing the right to rely on promises. *Karnes v. Doctors Hosp.* (1990), 51 Ohio St.3d 139, 142, 555 N.E.2d 280. It is based on the principles of good faith, equity, and conscience. Eric Mills Holmes, The Four Phases of Promissory Estoppel (1996), 20 Seattle U.L.Rev. 45, 64. The doctrine may be invoked in various ways.

{¶ 7} One use is as an affirmative theory of recovery.   Id. at 63.   Under such a theory, the plaintiff asserts an independent claim for damages based on detrimental reliance.   Id. at 67–68.   Courts confronting such a claim focus on "a promissory commitment centering on the promisee's right to rely, and the promisor's duty to prevent (or not cause) harmful reliance which was reasonably foreseeable by the promisor."   Id. at 68.   "The right to rely arises from promissory statements, assurances, and representations that show sufficient commitment to induce reasonable reliance in another."   Id. Whether the reliance is objectively reasonable and foreseeable is a jury question.   Id. Thus, the integration clause in the agreement holds no significance for the promissory estoppel claim.   Instead, what is involved is a separate enforceable promise and not a variation or modification of the agreement.   Id. Therefore, the subsequent execution of an integration clause does not preclude a claim based on detrimental reliance that occurred before the execution of that clause.

{¶ 8} As we have not had the opportunity to specifically address this issue, I believe that we should decide the case on the merits and reverse the judgment of the court of appeals.   Accordingly, I dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

---

The Simon Law Firm and Ellen S. Simon, for appellant.

Ulmer & Berne, L.L.P., Marvin L. Karp, Jeffrey S. Dunlap and Britt J. Rossiter, for appellees.