OPINION
{¶ 1} This cause is an accelerated appeal wherein appellant, Kenneth David, appeals the decision of the Clermont County Court of Common Pleas to grant summary judgment to appellee, Gus Hoffman Family Limited Partnership ("partnership").
 {¶ 2} Construing the evidence most favorably for appellant on the motion for summary judgment, the record indicates that this dispute arose because the partnership sent a "comfort letter" that appellant provided to his bank, indicating that the partnership "grant Ken David an option to lease the premises for an additional five year period upon terms and *Page 2 
conditions specified by [agent of partnership]."
 {¶ 3} The partnership eventually filed an action to evict its holdover tenant and appellant, the subtenant. Appellant filed a cross-claim. The partnership filed a motion for summary judgment, which was granted by the trial court. We interpret appellant's sole assignment of error on appeal to contest the trial court's decision to grant summary judgment to the partnership.
 {¶ 4} We have reviewed this matter de novo and agree with appellant that summary judgment was not appropriate on the issue of promissory estoppel.
 {¶ 5} The elements of promissory estoppel are: (1) a clear and unambiguous promise (2) upon which it would be reasonable and foreseeable to rely, and (3) actual reliance on the promise (4) to the detriment of the one who relied. Interstate Gas Supply, Inc. v. CalexCorp., Franklin App. No. 04AP-980, 2006-Ohio-638, ¶ 105.
 {¶ 6} Promissory estoppel is a quasi-contractual concept where a court in equity seeks to prevent injustice by effectively creating a contract where none existed. Telxon Corp. v. Smart Media of Delaware, Inc., Summit App. No. 22098, 2005-Ohio-4931, ¶ 58; Zelina v. Hillyar,165 Ohio App.3d 255, 2005-Ohio-5803, ¶ 19 (promissory estoppel requires an actual reliance to one's detriment on a clear and unambiguous promise that would be objectively reasonable and foreseeable to rely upon).
 {¶ 7} Promissory estoppel aids the enforcement of promises by supplying the element of consideration when necessary to prevent injustice. Telxon. Thus, promissory estoppel can serve as a substitute for consideration in contract formation. In re Wheeling-Pittsburgh SteelCorp. (Bkrtcy.N.D.Ohio, 2006), 360 B.R. 632, 642; see, also,McIntosh v. Micheli Restaurant, Inc. (M.C.1984), 22 Ohio Misc.2d 5, 6
(promissory estoppel is often characterized as a gratuitous promise);Expeditors Intern. of Wash., Inc. v. Crowley Amer. Transp., Inc.
(S.D.Ohio 2000), 117 F.Supp.2d 663, 669 (doctrine of promissory estoppel may *Page 3 
sometimes render enforceable an agreement not otherwise supported by consideration).
 {¶ 8} While the making, keeping and relying upon alleged promises are factual issues typically for the jury, a court may deem certain circumstances objectively unreasonable. Id. The test is not whether the promise should be enforced to do justice, but whether enforcement is required to prevent an injustice. Interstate Gas Supply, at ¶ 105, citing Telxon; see, also, Uebelacker v. Cincom Systems, Inc. (1988),48 Ohio App.3d 268, 273 (the action or forbearance the promisor reasonably should have expected of the promisee, and whether the action or forbearance flowing from the promise was reasonable are generally questions of fact for the jury).
 {¶ 9} Employing the applicable standard for summary judgment, we find that genuine issues of material fact remain and reasonable minds could not come to but one conclusion on the elements required to show promissory estoppel, and summary judgment was not appropriate. Appellant's assignment of error is sustained as to the issue of promissory estoppel.
 {¶ 10} The partnership filed with its appellate brief a defensive assignment of error, arguing that the trial court erred in not granting summary judgment on the ground that the comfort letter was an unenforceable possibility of a lease. The partnership asserts that the comfort letter could not constitute an enforceable contract under Ohio law.
 {¶ 11} While the nature of the promises conveyed in the comfort letter are applicable to an analysis of promissory estoppel, we have determined that summary judgment was not appropriate on the equitable theory of promissory estoppel. Accordingly, the partnership's assignment of error is overruled.
 {¶ 12} Judgment reversed and this cause is remanded for further proceedings.
 YOUNG, P.J., and POWELL, J., concur. *Page 1