[Cite as *Ringhand v. Chaney*, 2014-Ohio-3661.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| ROBERT LANCE RINGHAND, et al., | : | |
| | | CASE NOS. CA2013-09-072 |
| Plaintiffs-Appellees/Cross-Appellants, | : | CA2013-09-076 |
| | : | O P I N I O N |
| - vs - | | 8/25/2014 |
| | : | |
| CLEMENTINE CHANEY, et al., | : | |
| | : | |
| Defendants-Appellants/Cross-Appellees. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011 CVH 1130


Ulmer & Berne, LLP, Robin D. Miller, 600 Vine Street, Suite 2800, Cincinnati, Ohio 45202, for appellees/cross-appellants, Robert Lance & Lindsey Marie Ringhand

John Woliver, 204 North Street, Batavia, Ohio 45103, for appellants/cross-appellees, Clementine Chaney and David Chaney

Charles C. Ashdown, The Federal Reserve Bldg., 150 East Fourth Street, Cincinnati, Ohio 45202-4018, for defendant/third party, Comey & Shepherd Realtors

John F. McLaughlin, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for defendant/third party, Foremost Insurance Group

Aaron A. VanderLaan, 600 Greenup Street, P.O. Box 472, Covington, KY 41012, for defendant/third party, Huff Realty


**RINGLAND, P.J.**

{¶ 1} Appellant, David Chaney, Executor of the Estate of Clementine Chaney,

appeals a decision denying appellant's motion for judgment notwithstanding the verdict following a jury verdict granted in favor of appellees, Lance and Lindsey Ringhand.[1]

{¶ 2} Clementine Chaney gave a power of attorney to her son, David Chaney, to transact business on her behalf, including the sale of a property she owned. Pursuant to that power of attorney, David hired a realtor, Barbara Klein, to sell that property. The property consisted of an old farmhouse and 29 acres in New Richmond, Ohio.

{¶ 3} On January 18, 2011, appellees entered in a contract to purchase the property. Following appellees' inspection of the property, but prior to the closing, the farmhouse located on the property was broken into. As a result, copper plumbing and oil lines as well as parts of the air conditioning unit and furnace were stolen. The removal of the copper oil and plumbing lines resulted in the emptying of approximately 100 gallons of oil and 150,000 gallons of water into the basement.

{¶ 4} David was informed of the break-in by his daughter and son-in-law. He contacted Klein to let her know what had occurred, but failed to mention the oil spill. Klein testified that she contacted appellees' realtor, Sue Miller, to advise her of the break-in. Because Klein was unaware of the oil spill, Miller and appellees were unaware of the spill at the time of closing. Appellees allege that Klein assured them at the closing that appellant would resolve any issues relating to the break-in. The closing thus took place as scheduled.

{¶ 5} After spending a short period of time at the property, appellees became aware of the damage resulting from the oil spill. Having failed to satisfactorily resolve the problem, appellees initiated litigation asserting claims for breach of contract, fraudulent concealment and promissory estoppel against appellant, as well as a claim for fraudulent concealment against David. Following a trial, the jury found in favor of appellees on the promissory

---

1. Clementine Chaney died on September 19, 2013, one day after filing her notice of appeal. Pursuant to App.R. 29(A), David, as executor of her estate, was substituted for Clementine as the appellant.

estoppel claim alone, awarding them $56,000 in damages.

{¶ 6} Appellant subsequently moved for judgment notwithstanding the verdict. Following oral argument on the issue, the trial court issued a decision denying that motion.

{¶ 7} Appellant now appeals from that decision, raising three assignments of error for review. We begin by acknowledging that we review a trial court's decision on a motion for directed verdict or judgment notwithstanding the verdict de novo. *Citibank, N.A. v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, ¶ 52. A favorable ruling on either motion is not easily obtained. *Phipps v. Internatl. Paper Co.*, 12th Dist. Clinton No. CA2013-02-003, 2013-Ohio-3994, ¶ 10. The standard for granting a motion for judgment notwithstanding the verdict is the same as that for granting a motion for directed verdict. *Choate v. Tranet, Inc.*, 12th Dist. Warren No. CA2005-09-105, 2006-Ohio-4565, ¶ 48.

{¶ 8} That is, when considering either motion, the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made. *Phipps* at ¶ 11; *Choate* at ¶ 48. If the court finds that reasonable minds could not differ as to any determinative issue, then the court must sustain the motion. *Ebbing* at ¶ 53. If, on the other hand, there is substantial competent evidence to support the nonmoving party, upon which reasonable minds might reach different conclusions, the motion must be denied. *Id.*

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, BECAUSE NO EVIDENCE OF AN AGENCY RELATIONSHIP WAS PRESENTED.

{¶ 11} Within this assignment of error, appellant raises two issues: (1) "In order for apparent authority to exist, the actions or words of the principal must be scrutinized to determine whether the principal held the person out to the public to be her agent"; and (2) "If

an agent is aware that she does not possess the authority to bind the principal, no recovery can be had against the principal for the promises of the agent."

{¶ 12} In order for a principal to be bound by the acts of its agent under the guidelines of apparent authority, the evidence must affirmatively show "(1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." *Master Consolidated Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 576-577 (1991).

{¶ 13} Appellant argues that Klein did not have contact with appellant, and therefore could not have held Klein out to the public as her agent. However, David testified at trial that he was given a power of attorney from Clementine to conduct business on her behalf, and specifically to sell the property in question. Acting within that power, David hired Klein to represent appellant in the sale of the property. Klein testified that she was aware that appellant was her client, but that her authority to sell the property came through David. Based on that testimony, we find that David, acting as attorney-in-fact for appellant, held out to Klein as having the authority to bind appellant on matters appurtenant to the sale of the property. We also find that appellees had reason to believe that Klein had such authority given that she was hired by appellant's attorney-in-fact to conduct the sale. Thus, the jury reasonably concluded that appellant held Klein out as her agent with authority to bind her through her attorney-in-fact, David.

{¶ 14} Appellant next argues that Klein was aware she did not have the authority to bind appellant to the repairs. Klein testified that she did not believe she had the authority to bind appellant to the extent that she did. However, as stated above, Klein was aware that appellant was her client, and that her authority came through David. There was also

testimony at trial that Klein called David at the closing, only to return and indicate to appellees that all issues regarding the break-in would be resolved by appellant. In addition, the evidence presented at trial showed that Klein continued to work with appellees in an attempt to resolve the issues surrounding the oil spill after the closing, thus evidencing Klein's belief that she had the authority to bind appellant on issues relating to the break-in.

{¶ 15} Accordingly, the jury was presented with conflicting evidence as to whether Klein believed she had the authority to bind appellant in the manner she did. Given that reasonable minds may reach different conclusions when presented with conflicting evidence, we cannot find that the trial court erred in denying the motion notwithstanding the verdict based on whether Klein was aware she lacked the authority to bind appellant to the repairs.

{¶ 16} In light of the foregoing, having found that (1) Klein was held out to appellees as appellant's agent through Clementine's attorney-in-fact, and (2) evidence was presented to indicate that Klein believed she had the authority to bind appellant, appellant's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, BECAUSE THERE WAS NO CLEAR AND UNAMBIGUOUS PROMISE GIVEN TO CONSTITUTE A CLAIM FOR PROMISSORY ESTOPPEL.

{¶ 19} Within this assignment of error, appellant argues that, "[i]n order for promissory estoppel to exist, there must be a clear and unambiguous promise made to a party and that party's reliance on the promise must be reasonable and foreseeable."

{¶ 20} Promissory estoppel is an equitable doctrine for enforcing the right to rely on promises. *Rucker v. Everen Securities, Inc.*, 102 Ohio St.3d 1247, 2004-Ohio-3719, ¶ 6; *Karnes v. Doctors Hosp.*, 51 Ohio St.3d 139, 142, (1990). In order to establish a claim for

promissory estoppel, a party must establish the following elements: "(1) a clear and unambiguous promise was made; (2) upon which it would be reasonable and foreseeable for the party to rely; (3) actual reliance on the promise; and (4) the party was injured as a result of the reliance." *Hitchcock Dev. Co. v. Husted*, 12th Dist. Warren No. CA2009-04-043, 2009-Ohio-4459, ¶ 24, citing *Gus Hoffman Family Ltd. Partnership v. David*, 12th Dist. Clermont No. CA2006-09-076, 2007-Ohio-3968, ¶ 6. A clear and unambiguous promise is one that the promisor would expect to induce reliance. *McCroskey v. State*, 8 Ohio St.3d 29, 30, (1983). "[T]his element is not satisfied by vague or ambiguous references." Husted at ¶ 24.

{¶ 21} In the present case, Lance Ringhand testified that Klein told them that "if there's anything, you know, that is resulting from the break-in that, you know, they'll - - they'll take care of it." Lance Ringhand further testified he was told by Klein that "if it's something that has to do with the break-in that it, you know, we were assured that it would be taken care of." Lindsey Ringhand testified that Klein stated that appellant would "fix whatever concerns that you have * * *." Appellees' real estate agent, Miller, testified that Klein asserted at the closing that "[t]hey would make anything right that we found" with regard to the break-in. Finally, Klein acknowledged at trial that she did not qualify her statement to appellees that appellant would "make things right."

{¶ 22} While Klein's promise in this instance is broad, it remains clear and unambiguous. There was only one issue outstanding at the closing, and that was the damage relating to the break-in. There was testimony that Klein, having spoken to David while at the closing, assured appellees that any and all issues relating to the break-in would be resolved by appellant. The promise to fix "anything as a result of the break-in" is neither vague nor ambiguous. Rather, it is specifically focused on the damages resulting from a single occurrence. The evidence further indicates that appellees relied on that promise as Miller testified that she would have advised appellees against closing on the property if it

were sold as is. Thus, a jury could reasonably come to the conclusion that the promise made by Klein to appellees was clear and unambiguous, covering all damages that would be discovered as a result of the break-in, and that appellees relied on that promise.

{¶ 23} In light of the foregoing, having found that Klein's promise to appellees could reasonably be viewed as clear and unambiguous, appellant's second assignment of error is overruled.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ERRED BY DENYING APPELANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BY FAILING TO HOLD THAT PROMISSORY ESTOPPEL CANNOT BE A VEHICLE TO AVOID THE STATUTE OF FRAUDS IN A REAL ESTATE CONTRACT.

{¶ 26} Within this assignment of error, appellant argues that, "[a] claim for promissory estoppel cannot supersede the clear and unambiguous terms of a real estate purchase contract requiring that all amendments be in writing."

{¶ 27} The statute of frauds provides, in pertinent part, that "[n]o action shall be brought * * * to charge a person * * * upon a contract [f]or sale of lands * * * unless the agreement upon which such action is brought * * * is in writing and signed by the party to be charged * * * ." R.C. 1335.05.

{¶ 28} However, we agree with the reasoning of *Cooper v. Singleton*, 1st Dist. Hamilton Nos. C-830434, 1994 WL 7959 (May 2, 1984), cited by appellees. In the *Cooper* case, as with the present case, there was a promise made outside the purchase contract regarding repairs that were to be made which was intended to induce the closing. There, as here, it was argued that the promise was barred by the statute of frauds and the doctrine of merger. The *Cooper* court held that the statute of frauds did not preclude the oral agreement because "it was not for the sale of an interest in land. It was merely an agreement that

- 7 -

defendants would make repairs and improvements to induce plaintiffs to complete the purchase of the real estate." *Id.* at *3.

{¶ 29} With regard to the doctrine of merger, the *Cooper* court held that "[p]laintiffs' claims are based on this new agreement, contemporaneous with the delivery of the deed, not the contract to purchase. The new agreement was not merged into the deed. It was a condition precedent to plaintiffs' closing the purchase." *Id.*

{¶ 30} The same facts and analysis apply in the present case. The oral agreement pertaining to damages caused by the break-in was one made to induce the completion of the purchase of the property, not as part of the contract to purchase itself. Thus, as the agreement was separate and distinct from the contract to purchase, it did not merge with the deed.

{¶ 31} In light of the foregoing, having found that the promise which was relied upon was collateral to the real estate purchase contract rather than part of it, appellant's third assignment of error is overruled.

{¶ 32} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.