[Cite as *Barich v. Scheidler Med. Group, L.L.C.*, 2015-Ohio-4446.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| LOUIS LUKE BARICH, M.D., et al., | : | |
| | | CASE NO.  CA2015-01-004 |
| Plaintiffs-Appellees, | : | |
| | | O P I N I O N |
| | : | 10/26/2015 |
| - vs - | : | |
| | : | |
| SCHEIDLER MEDICAL GROUP, | : | |
| LLC, et al., | | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV13-06-1682

Jack C. McGowan, 246 High Street, Hamilton, Ohio 45011, for plaintiffs-appellees

Frank J. Schiavone, III, 520 Key Bank Building, Hamilton, Ohio 45011, for defendants-appellants

Joseph A. Cesta, 1160 East Main Street, P.O. Box 36, Lebanon, Ohio 45036, for defendants-appellants

**S. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Scheidler Medical Group, LLC (Scheidler Group), appeals from the decision of the Butler County Court of Common Pleas granting summary judgment to plaintiff-appellee, Louis Luke Barich, M.D., in an action regarding a contract for the sale of

real property.  For the reasons outlined below, we affirm.

{¶ 2}   On September 15, 2007, Barich entered into an agreement to sell Scheidler Group three parcels of real property located at 533, 535 and 539 Park Avenue, Hamilton, Butler County, Ohio, for a total purchase price of $174,000.  The terms of the agreement required Scheidler Group to make monthly payments on the purchase price based on a 15-year amortization schedule with the balance paid in full at the expiration of five years. Scheidler Group subsequently received a general warranty deed for the subject property on November 8, 2007.

{¶ 3}   On June 5, 2013, Barich filed a complaint alleging a breach of contract after Scheidler Group failed to make the necessary monthly payments in compliance with the parties' purchase agreement.  Attached to the complaint was a copy of the agreement that included a handwritten note on the agreement indicating "[t]he property is being sold as is." After Scheidler Group filed its answer making a general denial of Barich's allegations, Barich moved for summary judgment on November 7, 2013.  As part of this motion, Barich included an affidavit, wherein he averred the agreement attached to his complaint was a true and accurate copy of the parties' original agreement.  Barich also specifically stated as part of his affidavit that Scheidler Group "purchased the property 'as is.'"

{¶ 4}   In response to Barich's motion for summary judgment, on November 12 and November 20, 2013, respectively, Scheidler Group filed a memorandum in opposition and a counterclaim against Barich alleging it had been fraudulently induced into entering the agreement due to Barich's alleged misrepresentations "regarding a revival plan that would revitalize the neighborhood."  Scheidler Group further alleged a claim of fraudulent nondisclosure of latent defects in the subject property.  As part of this response, and without ever questioning its authenticity and validity, Scheidler Group also attached a copy of the parties' agreement that included the same handwritten note indicating "[t]he property is being

sold as is."

{¶ 5} On December 4, 2013, Barich filed a reply memorandum in support of his motion for summary judgment. As part of this memorandum, Barich claimed "the clear evidence before the Court is that the parties entered into a written agreement for the sale of real property in its 'as is' condition, that they are sophisticated parties, and that [Scheidler Group] have breached the contract by failing to pay as agreed without timely notifying plaintiff or this court of any fraud." To this, Scheidler Group filed a supplemental memorandum with an attached affidavit from one of its members, Stanley Scheidler, who asserted that "[u]pon signing the purchase contract that serves as the basis of this action, the words 'as is' did not appear in any original document." Scheidler Group did not provide any other corroborating materials to support its claim regarding the disputed "as is" language.

{¶ 6} On August 12, 2014, the trial court issued a decision granting Barich's motion for summary judgment against Scheidler Group. In so holding, the trial court stated, in pertinent part, the following:

> [Scheidler Group] claims [Barich] intentionally proffered news of a pending commercial development that would enhance the value of the subject properties and failed to disclose material mechanical and other issues with the properties. Nowhere, however, does [Scheidler Group] offer any tangible evidence of these claims beyond the amorphous assertions contained in [its] affidavits. In fact, the contract clearly indicates, "[T]he property is being sold as is."

The trial court also determined that Scheidler Group "failed to provide any evidence of a false, material misrepresentation beyond their own self-serving affidavits."

{¶ 7} Scheidler Group now appeals from the trial court's decision granting summary judgment to Barich, raising three assignments of error for review.

## Summary Judgment Standard of Review

{¶ 8} Summary judgment is a procedural device used to terminate litigation when

- 3 -

there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 9} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THE

- 4 -

PROPERTY SUBJECT OF THIS ACTION WAS SOLD "AS IS."

{¶ 12} In its first assignment of error, Scheidler Group argues the trial court erred by granting Barich summary judgment because a question of material fact exists as to whether the subject property was sold "as is."  In support of this claim, Scheidler Group points to the two opposing affidavits submitted in this matter, wherein Barich claimed the parties' original agreement included language that the property was sold "as is," whereas Stanley Scheidler, a Scheidler Group member, claimed the parties' original agreement did not include such language.[1]

{¶ 13} As this court has stated previously, the evidence necessary to create a genuine issue of material fact must be more than just bare, unsupported assertions.  *Liegel v. Bainum*, 12th Dist. Clermont No. CA2011-06-049, 2011-Ohio-6022, ¶ 15.  To that end, "it is well-established that a 'party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.'"  *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 10, quoting *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, ¶ 30 (8th Dist.).  To hold otherwise would undermine the function of the summary judgment exercise and allow the nonmoving party to avoid summary judgment by simply submitting a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.  *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730, ¶ 24.  Therefore, "a non-movant's own self-serving assertions, whether made in an affidavit, deposition or

---

1. It should be noted, as part of its appellate brief, Scheidler Group makes several references to the deposition testimony of one of its members, Stanley Scheidler.  However, Scheidler Group did not file a transcript of Stanley Scheidler's deposition testimony until the day after the trial court had already issued its decision granting Barich's motion for summary judgment.  Therefore, as Stanley Scheidler's deposition testimony was not timely filed in this matter, we decline to review this material in conducting our de novo review on appeal.  The same is true in regards to the deposition testimony of Scheidler Group's other member, Peter Scheidler, as it was also not timely filed with the trial court before the trial court issued its decision.

interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence." *White v. Sears Roebuck & Co.*, 10th Dist. Franklin No. 10AP-294, 2011-Ohio-204, ¶ 9.

{¶ 14} In this case, just as the trial court found, the agreement at issue in this case clearly indicates that the disputed property was sold "as is." As noted above, besides Stanley Scheidler's affidavit to the contrary, Scheidler Group has failed to provide any corroborating materials to support its claim that the parties' original agreement did not include such language. *E.g., Wells Fargo v. Blough*, 4th Dist. Washington No. 08CA49, 2009-Ohio-3672 (affidavit claiming appellant had not agreed to a term of a contract was insufficient to demonstrate the existence of a genuine issue of material fact). Again, as this court has repeatedly stated, the evidence necessary to create a genuine issue of material fact must be more than just bare, unsupported assertions contained within a self-serving affidavit. *See, e.g., Deutsche Bank Natl. Trust Co. v. Carter*, 12th Dist. Warren Nos. CA2014-01-001 and CA2014-01-010, 2014-Ohio-5193, ¶ 14 (self-serving affidavit was insufficient to raise a genuine issue of material fact to preclude summary judgment); *see also Asset Mgt. West 9, L.L.C. v. McBrayer*, 12th Dist. Madison No. CA2014-02-004, 2014-Ohio-2479, ¶ 20; *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 25-27; *Fifth Third Mtge. Co. v. Wizzard*, 12th Dist. Butler No. CA2012-11-226, 2013-Ohio-3084, ¶ 20. Therefore, because Scheidler Group failed to submit any corroborating materials sufficient to demonstrate a material issue of fact besides Stanley Scheidler's self-serving affidavit, Scheidler Group's first assignment of error is without merit and overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING PLAINTIFF-APPELLEE SUMMARY JUDGMENT OVER DEFENDANT-APPELLANT'S CLAIM THAT PLAINTIFF-APPELLEE COMMITTED FRAUD IN THE INDUCEMENT BY

MAKING REPRESENTATIONS AS TO THE FUTURE DEVELOPMENT OF THE AREA.

{¶ 17} In its second assignment of error, Scheidler Group argues the trial court erred by granting summary judgment to Barich on its claim alleging fraudulent inducement. We disagree.

{¶ 18} A party who is fraudulently induced to enter a contract may sue to rescind the contract or retain the contract and sue for damages for the tort of fraudulent inducement. *Butler Cty. Bd. of Commrs. v. Hamilton*, 145 Ohio App.3d 454, 472 (12th Dist.2001), citing *Mid-America Acceptance Co. v. Lightle*, 63 Ohio App.3d 590, 599 (10th Dist.1989). The elements of fraudulent inducement are substantially the same as those of fraud. *Huegel v. Scott*, 11th Dist. Trumbull No. 2015-T-0014, 2015-Ohio-3554, ¶ 14. To prevail on a fraudulent inducement claim, one must establish (1) a false representation concerning a fact, (2) knowledge of the falsity of the representation or utter disregard for its truthfulness, (3) intent to induce reliance on the representation, (4) justifiable reliance upon the representation, and (5) injury proximately caused by the reliance. *Ownerland Realty, Inc. v. Zhang*, 12th Dist. Warren Nos. CA2013-09-077 and CA2013-10-097, 2014-Ohio-2585, ¶ 19.

{¶ 19} Here, Scheidler Group claims Barich fraudulently induced it to purchase the disputed property based on his false representations "regarding a revival plan that would revitalize the neighborhood [that] were not true." However, not only were Scheidler Group's assertions also not corroborated by any additional materials sufficient to demonstrate a material issue of fact, as this court has stated previously, "a claim of fraud cannot be predicated upon promises or representations relating to future actions or conduct." *Mohme v. Deaton*, 12th Dist. Warren No. CA2005-12-133, 2006-Ohio-7042, ¶ 30, citing *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. Franklin No. 04AP-980, 2006-Ohio-638, ¶ 84. As a result, "'[r]epresentations concerning what will occur in the future are considered to be predictions and not fraudulent misrepresentations.'" *Englert v. Nutritional Sciences, LLC*,

10th Dist. Franklin No. 07AP–989, 2008-Ohio-5062, 2008 WL 4416597, ¶ 25, quoting *Assn. for Responsible Dev. v. Fieldstone Ltd. Partnership*, 2d Dist. Montgomery No. 16994, 1998 WL 785330 (Nov. 13, 1998). Therefore, contrary to Scheidler Group's claim otherwise, the trial court did not err by granting summary judgment to Barich on its claim alleging fraudulent inducement. Accordingly, Scheidler Group's second assignment of error is also without merit and overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING PLAINTIFF-APPELLEE SUMMARY JUDGMENT OVER DEFENDANT-APPELLANT'S CLAIM THAT PLAINTIFF-APPELLEE FAILED TO DISCLOSE MATERIAL DEFECTS AND STRUCTURAL DAMAGE.

{¶ 22} In its third assignment of error, Scheidler Group argues the trial court erred by granting summary judgment to Barich on its claim alleging fraudulent nondisclosure. However, "[a]n 'as is' clause in a real estate contract places the risk upon the purchaser as to the existence of defects." *Brewer v. Brothers*, 82 Ohio App.3d 148, 151 (12th Dist.1992). In turn, "[a] cause of action cannot be maintained against [a] seller or its agent for fraudulent nondisclosure when the property is being sold 'as is.'" *Loya v. Howard Hanna Smyth, Cramer Co.*, 9th Dist. Summit No. 24378, 2009-Ohio-448, ¶ 12. In other words, "[a]n 'as is' clause relieves sellers from a duty to disclose latent defects and defeats claims of fraudulent nondisclosure whether the defects are patent or latent." *Brown v. Lagrange Dev. Corp.*, 6th Dist. Lucas No. L-09-1099, 2015-Ohio-133, ¶ 20. Therefore, based on the facts and circumstances here, because the record indicates Scheidler Group purchased the property "as is," Scheidler Group cannot maintain a claim alleging fraudulent nondisclosure. Accordingly, Scheidler Group's third assignment of error is likewise without merit and overruled.

{¶ 23} Judgment affirmed.

HENDRICKSON, J., concurs.

RINGLAND, J., concurs in part and dissents in part.

**RINGLAND, J., concurring in part and dissenting in part.**

{¶ 24} I respectfully concur in part and dissent in part from the majority's decision. I concur with the majority's resolution of Scheidler Group's second assignment of error. However, I dissent as to the majority's resolution of the first and third assignments of error. I would find that when the evidence is looked at in the light most favorable to Scheidler Group, the nonmoving party, a genuine issue of material fact remains regarding whether the contract included an "as-is" clause at the time it was entered into. Therefore, I would find the trial court erred by granting summary judgment to Barich.

{¶ 25} The majority relies on the proposition that a material issue of fact cannot be created by the nonmoving party's self-serving assertions. As stated in the majority, the evidence must be construed in favor of the nonmoving party when determining whether a genuine issue of material fact exists. To find that self-serving assertions set forth in an affidavit do not create an issue of fact, one must find that the affiant lacks credibility. It is not possible to both construe the evidence in the non-moving party's favor and also find that the nonmoving party lacks credibility. To do so is to change the standard to require that only documentary or corroborated evidence must be construed in favor of the nonmoving party.

{¶ 26} Scheidler Group has asserted that the "as-is" clause was not a part of the original contract. That assertion, construed in favor of Scheidler Group, creates a material issue of fact as to whether the clause existed at the time the contract was entered into. The trial court and the majority rely on the proposition that no weight should be given to Scheidler

Group's assertions unless they are accompanied by corroborating evidence, and thus no issue of fact exists. I would find that such a weighing of the evidence against the nonmoving party runs contrary to the standard for granting summary judgment.

{¶ 27} Accordingly, I respectfully concur in part and dissent in part from the majority's decision and would find the trial court erred by granting summary judgment to Barich.