[Cite as *Bless v. HomeWAV, L.L.C.*, 2026-Ohio-1806.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| DIANA BLESS, et al., | : | |
| Appellants, | : | CASE NO. CA2025-05-033 |
| vs. | : | OPINION AND JUDGMENT ENTRY 5/18/2026 |
| HOMEWAV, LLC, | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CV96740

The Pattakos Law Firm LLC, and Peter Pattakos and Gregory Gipson, for appellants.

Reminger Co., LP, and Ian D. Mitchell and James M. Schirmer, for appellee.

_____

**O P I N I O N**
_____

**M. POWELL, J.**

{¶ 1}  Appellants, Diana and Mark Bless, appeal a decision of the Warren County Court of Common Pleas granting summary judgment in favor of appellee, HomeWAV,

LLC.

{¶ 2} Appellants are the parents of Marisa Bless who died on July 18, 2021, from an apparent drug overdose while she was incarcerated in the Warren County Jail. While an inmate there, Marisa would visit with her parents and friends via video calls. Her last video call took place on July 17, 2021.

{¶ 3} HomeWAV is a company that provides video-calling services to the Warren County Jail so incarcerated inmates can communicate with family, friends, and other individuals "on the outside." The video calls are recorded and stored for ready access for 90 days. After the ready access period ends, the video calls are archived with Amazon Web Services for 365 days after which time they automatically expire and are no longer recoverable. A third party requesting recordings for investigatory or litigation purposes during the time frames above is required to present a search warrant or a subpoena. Prior to August 2022, HomeWAV did not provide recordings to third parties for personal purposes. HomeWAV's policy regarding the storage, retention, and release of the recordings was unwritten. This appeal arises out of appellants' attempts to obtain the recordings of their video calls with their daughter following her death.

{¶ 4} In trying to obtain the recordings, appellants separately contacted HomeWAV. During her deposition, Diana testified that she called and spoke with an unidentified HomeWAV representative in September 2021. Diana testified the representative advised her that appellants would need to open an estate to obtain the recordings and that HomeWAV "would keep [the recordings] indefinitely. That they wouldn't delete them." The representative never indicated that the recordings might not be retrievable. Diana testified she had no plans for the recordings other than to view them so she could see her daughter again.

{¶ 5} During his deposition, Mark testified that he called and spoke with

HomeWAV representative "Alicia" in December 2021. Mark testified he was told that the recordings were the property of the jail and that HomeWAV kept archived copies of the recordings. It was Mark's understanding that the jail would keep the recordings for two years and that HomeWAV kept archived copies of the recordings "forever" so a court could access them. Although Mark could not recall the exact word used by Alicia, he testified she advised him that the recordings would be retained "indefinitely," "forever," or "some variation" of those words. Mark advised Alicia that Marisa had died, that the recordings were "the last communications we had with our daughter, and [that] we felt as though by extension it would be valuable in a case." Mark reiterated that Alicia made a "promise" that the recordings "would be kept indefinitely so that whenever [we] wanted, presumably years, decades down the road, [we] could get them." As a result of these representations, Mark "felt comfortable" in not aggressively obtaining the recordings because he "just felt assured that they would be there."

{¶ 6} Appellants opened an estate in October 2022 because they were moving to New Mexico and "were beginning some litigation" in a separate case. On October 24, 2022, the administrator of the estate contacted HomeWAV and requested the recordings of appellants' video calls with their daughter. The administrator indicated that the request was for personal use, and it was not accompanied by a subpoena or search warrant. At the time of the request, both the 90-day and 365-day periods of retention had elapsed. In late November 2022, HomeWAV informed the administrator that Marisa's last video call had been deleted on October 17, 2022, and that all other prior video calls would have been deleted before that date. Appellants likewise discovered that the recordings of their video calls with Marisa had been deleted when Diana also contacted HomeWAV in October 2022.

{¶ 7} On February 9, 2024, appellants filed an amended complaint against

HomeWAV, alleging (1) negligence, (2) intentional infliction of emotional distress, (3) promissory estoppel, (4) intentional spoilation of evidence, (5) unfair and deceptive acts or practices under the Ohio Consumer Sales Practices Act, (6) conversion, and (7) unconscionable contract. HomeWAV moved to dismiss the amended complaint under Civ.R. 12(B)(6). As pertinent to this appeal, the trial court granted the motion to dismiss in part and denied it in part, leaving the promissory estoppel claim as the only remaining claim. Following appellants' depositions, HomeWAV moved for summary judgment, supported with the affidavit of its Chief Executive Officer. The email correspondence between HomeWAV and the estate's administrator was attached to the affidavit.

{¶ 8}     On April 15, 2025, the trial court granted HomeWAV's motion for summary judgment, finding that there was no genuine issue of material fact that HomeWAV had made a promise to appellants to preserve the recordings of Marisa's video calls. Relying on appellants' depositions, the trial court first observed that appellants "provide no corroborating evidence to support their assertions." The court then stated,

> Even accepting the statements from [appellants] as true, neither of the statements clearly and unambiguously indicates that [appellants] were made a promise to "indefinitely preserve and make accessible" the video recordings to [appellants]. By [appellants'] accounts there were vague statements about [HomeWAV's] retention policy and that recordings were maintained so courts could access them. The Court finds there was no promise to indefinitely preserve recordings for personal use, rather a vague and ambiguous statement that is impossible to discern the specific commitment that the unidentified HomeWAV representative made.

{¶ 9}     The trial court further held that there was no genuine issue of material fact that appellants detrimentally relied upon any promise made by HomeWAV regarding retention of the recordings. Accordingly, the trial court dismissed appellants' promissory estoppel claim with prejudice.

- 4 -

{¶ 10} Appellants now appeal, challenging the trial court's grant of summary judgment to HomeWAV in two assignments of error.

## Summary Judgment Standard of Review

{¶ 11} An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court. *Paramount Farms Intl., L.L.C. v. Ventilex B.V.*, 2016-Ohio-1150, ¶ 16 (12th Dist.).

{¶ 12} Summary judgment is proper where (1) there is no genuine issue of material fact remaining for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Zivich v. Mentor Soccer Club, Inc.*, 1998-Ohio-389, ¶ 7. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. *Meadows Condominium Unit Owners Assn. v. Blakey*, 2010-Ohio-2437, ¶ 24 (12th Dist.). A dispute of fact is "material" if it affects the outcome of the case, and "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. *Id.* Whether a genuine issue of material fact exists is answered by the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Palmer v. Mossbarger,* 2015-Ohio-231, ¶ 13 (12th Dist.).

{¶ 13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which affirmatively demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt*, 1996-Ohio-107, ¶ 18; *D&H Autobath v. PJCS Properties I, Inc.*, 2012-Ohio-5845, ¶ 10 (12th Dist.). Once this burden is met, the nonmoving party may not rest upon the mere allegations or denials

of the pleadings, but has a reciprocal burden to set forth specific facts showing there is a genuine issue of material fact for trial. Civ.R. 56(E). Summary judgment is proper if the nonmoving party fails to set forth such facts. *D&H Autobath* at ¶ 10.

### Promissory Estoppel

{¶ 14} Appellants' promissory estoppel claim is based upon alleged representations by or on behalf of HomeWAV that HomeWAV promised appellants it "would indefinitely preserve and make accessible for [appellants] through an administrator of Marisa's estate the video calls which Marisa made while incarcerated" in the Warren County Jail.

{¶ 15} Promissory estoppel is an equitable doctrine for enforcing the right to rely on promises. *Rucker v. Everen Securities, Inc.*, 2004-Ohio-3719, ¶ 6. The Ohio Supreme Court has defined the doctrine as follows: "'A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" *McCroskey v. State*, 8 Ohio St.3d 29, 30 (1983), quoting 1 Restatement of the Law, Contracts 2d, § 90 (1973). Although the supreme court has never added the "clear and unambiguous" language to the doctrine of promissory estoppel, this court and other courts have held that to prevail on a claim for promissory estoppel, a party must establish the following elements: (1) a clear and unambiguous promise was made; (2) upon which it would be reasonable and foreseeable for the party to rely; (3) actual reliance on the promise; and (4) the party was injured as a result of the reliance. *Ringhand v. Chaney*, 2014-Ohio-3661, ¶ 20 (12th Dist.). *See also Peddler's Junction, L.L.C. v. Washington Square, L.L.C.*, 2025-Ohio-3054 (4th Dist.); *Baber v. Ohio Mut. Ins. Co.*, 2021-Ohio-1625 (3d Dist.); *Zapata Real Estate L.L.C. v. Monty Realty, Ltd.*, 2014-Ohio-5550 (8th Dist.).

{¶ 16} For a promissory estoppel claim to succeed, "the threshold element of a promise must be met." *McCroskey* at 30. A promise is "'a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.'" *Stull v. Combustion Eng., Inc.*, 72 Ohio App.3d 553, 557 (3d Dist. 1991), quoting 1 Restatement of the Law, Contracts 2d, § 2(1) (1981). A clear and unambiguous promise is one that is definite in the sense of being clearly a promise and not just a statement of intentions. *Peddler's Junction* at ¶ 33. The promise must communicate clear terms that the promisor would expect to induce reliance. *Id.*; *McCroskey* at 30. A clear and unambiguous promise for purposes of promissory estoppel, therefore, "is one in which a party clearly promises to another that it will do, or refrain from doing, something specific." *Zapata Real Estate* at ¶ 39. It "is not satisfied by vague or ambiguous references." *Ringhand* at ¶ 20.

### First Assignment of Error

> THE TRIAL COURT ERRED IN GRANTING HOMEWAV'S MOTION FOR SUMMARY JUDGMENT BECAUSE SUBSTANTIAL ISSUES OF MATERIAL FACT REMAINED TO BE RESOLVED, AND THE TRIAL COURT USURPED THE JURY'S FUNCTION IN CONSTRUING DISPUTED FACTUAL ISSUES IN HOMEWAV'S FAVOR.

{¶ 17} Appellants argue that the trial court failed to comply with Civ.R. 56(C) in considering HomeWAV's motion for summary judgment because it failed to construe the evidence most strongly in their favor as the nonmoving parties and instead improperly engaged in fact-finding.

{¶ 18} In support of their argument, appellants take issue with the trial court's assertion that they "provide[d] no corroborating evidence to support their assertions," and that their "self-serving assertions . . . cannot defeat a well-supported summary judgment when not corroborated by any outside evidence." The trial court's challenged statement

followed its summary of appellants' depositions. On appeal, appellants do not argue that HomeWAV failed to meet its initial burden. Rather, appellants challenge the manner in which the trial court granted summary judgment in favor of HomeWAV, noting that HomeWAV "offered nothing to contradict or disprove [appellants'] testimony and evidence." HomeWAV met its initial burden by informing the trial court of the basis of its motion and identifying parts of the record demonstrating the absence of a genuine issue of material fact. The burden was thus on appellants to present evidence setting forth specific facts showing there is a genuine issue of material fact for trial. As this court has stated before, the evidence necessary to create a genuine issue of material fact must be more than just bare, unsupported assertions, and a nonmovant's own self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence. *Barich v. Scheidler Med. Group, L.L.C.*, 2015-Ohio-4446, ¶ 13 (12th Dist.). We therefore find no error in the trial court's statement. In any event, the trial court did not grant summary judgment in favor of HomeWAV on that basis. As stated above, the trial court went on to consider appellants' deposition statements as true in ruling upon HomeWAV's motion for summary judgment.

{¶ 19}  In support of their argument, appellants principally focus upon the trial court's statement that appellants' promissory estoppel claim is premised upon "a vague and ambiguous statement that is impossible to discern the specific commitment that the unidentified HomeWAV representative made." Appellants argue that this is improper fact-finding that is not permitted by Civ.R. 56(C).

{¶ 20}  The trial court did not engage in improper fact-finding when it considered HomeWAV's motion for summary judgment. While the trial court acknowledged HomeWAV's response to appellants' claim by referencing the HomeWAV's Chief

Executive Officer's affidavit, the court relied on appellants' deposition accounts of their conversations with HomeWAV representatives in resolving the motion for summary judgment. The trial court's determination that HomeWAV's representations concerning retention of the recordings were "vague and ambiguous" was not improper fact-finding. On the contrary, the trial court was resolving the legal issue of whether there was a clear and unambiguous promise that would reasonably induce action or forbearance by appellants. The trial court made this determination consistently with Civ.R. 56(C) as it relied entirely upon appellants' accounts of what HomeWAV told them. Having done so, the import of what appellants were told by HomeWAV is a legal issue. We review this legal determination de novo.

{¶ 21} The trial court's statement challenged by appellants was made in the context of the court's determination that HomeWAV did not promise appellants that it would preserve the recordings for them but only provided an explanation of its recording retention policy. Appellants' accounts of their conversations with HomeWAV indicate only HomeWAV's recordings retention policy at the time of those telephone conversations. Appellants' accounts of their conversations with HomeWAV did not include assertions that they requested HomeWAV to preserve the recordings for them or an assurance that HomeWAV would do so. Indeed, there was nothing in appellants' recounting of their conversations with HomeWAV that would serve as a basis preventing HomeWAV from changing its recordings retention policy without notice to appellants. Although Civ.R. 56(C) requires the trial court to construe factual allegations most strongly in favor of appellants, it does not require the trial court to make legal determinations in their favor.

{¶ 22} In light of the foregoing, appellants' first assignment of error is overruled.

**Second Assignment of Error**

THE TRIAL COURT INVERTED CIV.R. 56'S BURDEN BY CONSTRUING EVEN UNREASONABLE INFERENCES IN HOMEWAV'S FAVOR BY FINDING THAT HOMEWAV'S EVIDENCE WAS SUFFICIENT TO ELIMINATE ANY ISSUE OF FACT AS TO WHETHER ANY PROMISE OR DETRIMENTAL RELIANCE EXISTED BETWEEN HOMEWAV AND APPELLANTS.

{¶ 23} This assignment of error is a different iteration of appellants' argument in their first assignment of error that the trial court failed to construe the evidence most strongly in their favor. Appellants' primary emphasis in their second assignment of error is that whether a clear and unambiguous promise has been made is a question of fact which may not be resolved on summary judgment.

{¶ 24} Appellants cite an opinion from the Tenth District Court of Appeals for the proposition that "the question of whether 'a clear and unambiguous promise' has been made is a question of fact." *Malempati v. Indep. Inpatient Physicians, Inc.*, 2013-Ohio-3543, ¶ 27 (10th Dist.). *Malempati*, a case tried before a magistrate, further stated, "Moreover, in general, '[t]he existence or nonexistence of promissory estoppel essentially turns on the credibility of the witnesses,' and the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact." *Id.*

{¶ 25} Appellants also cite our *Ringhand* opinion in support of their assertion that "promises need not be spelled out in every particular to be clear and unambiguous." *Ringhand*, 2014-Ohio-3661 (12th Dist.). In that case, the plaintiffs contracted to purchase a farmhouse. Prior to closing, the farmhouse sustained significant damage due to a break-in. Upon being advised of the break-in and the damage, the realtor assured the plaintiffs that the seller would resolve all issues related to the break-in. The plaintiffs proceeded to close the purchase. When the seller failed to resolve all the damage resulting from the break-in, plaintiffs sued, asserting a promissory estoppel claim based upon the realtor's

- 10 -

assurance that all issues related to the break-in would be resolved by the seller. This court affirmed the jury verdict in favor of the plaintiffs. In doing so, we rejected the seller's assertion that the "promise" to resolve all issues resulting from the break-in was not clear and unambiguous, holding that "[w]hile [the] promise in this instance is broad, it remains clear and unambiguous." *Id.* at ¶ 22.

{¶ 26} Here, the trial court relied only upon appellants' accounts of what HomeWAV told them about recordings retention. Assuming the truth of appellants' accounts of what they were told concerning retention of the recordings, the trial court found that HomeWAV did not "clearly and unambiguously" promise to "indefinitely preserve and make accessible" to appellants the recordings. The trial court construed appellants' accounts of what they were advised by the HomeWAV representatives as "vague statements about [HomeWAV's] retention policy" and that "there was no promise to indefinitely preserve recordings for personal use."

{¶ 27} When there is a dispute as to the representations constituting the "promise" element of a promissory estoppel claim, summary judgment would typically be inappropriate. But that is not the case here. As discussed, the trial court resolved the issue based only upon appellants' accounts of what HomeWAV told them concerning retention of the recordings. When the summary judgment evidence is clear and uncontroverted as to the asserted "promise," the import of the evidence becomes a matter of law as opposed to a factual determination. "While the making, keeping and relying upon alleged promises are factual issues typically for the jury, a court may deem certain circumstances objectively unreasonable." *Gus Hoffman Family Ltd. Partnership v. David*, 2007-Ohio-3968, ¶ 8 (12th Dist.). "The test is not whether the promise should be enforced to do justice, but whether enforcement is required to prevent an injustice." *Id.*

{¶ 28} As discussed above, the information provided to appellants in their

conversations with HomeWAV's representatives were only the representatives' understanding of HomeWAV's records retention policy and were not clearly and unambiguously a commitment to indefinitely preserve the recordings of appellants' video calls with their daughter. Appellants' accounts of their conversations with HomeWAV's representatives included neither a request that the recordings be specifically preserved for them nor a commitment by HomeWAV to do so. Thus, construing the facts most strongly in appellants' favor leads to only one conclusion and that conclusion is adverse to appellants.

{¶ 29} Because appellants cannot establish the threshold requirement necessary to prove a promissory estoppel claim—that representations by or on behalf of HomeWAV were a clear and unambiguous promise that HomeWAV would indefinitely preserve and make accessible for appellants the recordings of their video calls with Marisa—we need not consider whether genuine issues of material fact remain regarding the other elements of promissory estoppel. *Peddler's Junction*, 2025-Ohio-3054, at ¶ 49 (4th Dist.), citing *McCroskey*, 8 Ohio St.3d at 32.

{¶ 30} In light of the foregoing, the trial court did not err in granting summary judgment in favor of HomeWAV. Appellants' second assignment of error is overruled.

{¶ 31} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike Powell, Judge*