ZELINA, Appellant,

v.

HILLYER, Appellee.

[Cite as *Zelina v. Hillyer,* 165 Ohio App.3d 255, 2005-Ohio-5803.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008661.

Decided Nov. 2, 2005.

John M. Prusak, for appellant.

Ghada K. Halasa, for appellee.

BAIRD, Judge.

{¶ 1} Appellant, John Zelina, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of appellee, Phyllis Hillyer. We affirm.

I

{¶ 2} The parties met in 1991 at the American Slovak Club where Hillyer was working as a bartender and Zelina as a manager. At that time, Zelina was married, and Hillyer was recently widowed. Zelina began experiencing marital problems, so Hillyer allowed Zelina to move in with her at her residence, located

at 1303 Narragansett in Lorain, Ohio, in November 1991. In addition to the Narragansett residence, Hillyer owned two rental properties free and clear with no mortgages, one located at 408 Illinois Avenue in Lorain, Ohio, and the other located at 552 Oberlin Avenue in Lorain, Ohio.

{¶ 3} At the death of her husband, Hillyer received funds in various forms, including joint-and-survivorship accounts, life-insurance, bonds, and dependent benefits from her deceased husband's employer. Hillyer was also receiving $900 per month for each of her two children from her husband's pension. In addition, Hillyer owned a few cars, which she sold. During the parties' cohabitation, Hillyer inherited money from her deceased father's and grandmother's estates and also received some gambling winnings. Zelina, on the other hand, made approximately $540 every two weeks working at the American Slovak Club and had a monthly spousal support obligation arising out of a 1992 marriage dissolution decree.

{¶ 4} During their cohabitation, the parties lived at the Narragansett residence and other locations, but Hillyer also acquired rental properties. In order to purchase other rental properties or residences, Hillyer would use proceeds from the sale of one of the properties or other homes as collateral. Zelina's name was on the deed for four of the properties, but he later quitclaimed his interest in three of these properties to Hillyer. The fourth property was sold during the parties' cohabitation.

{¶ 5} The parties never married, and the relationship eventually began to disintegrate. Zelina moved out in 2000 upon Hillyer's request, and the relationship finally ended in the fall of 2001, after approximately ten years.

{¶ 6} On August 2, 2002, Zelina filed a complaint alleging breach of a partnership agreement, asserting a one-half interest in claimed partnership property. Zelina maintained that the parties had entered into an oral agreement to share equally in the assets accumulated during their ten-year cohabitation from the fall of 1991 through 2001. Hillyer filed an answer to the complaint, responding that Zelina's complaint failed to state a claim upon which relief can be granted and that the claim was barred by the Statute of Frauds.

{¶ 7} On August 27, 2004, Hillyer filed a motion for summary judgment, asserting that the facts did not establish that the parties had entered into an oral partnership agreement. Zelina filed a brief in opposition to the motion.

{¶ 8} In a judgment dated January 19, 2005, the trial court granted Hillyer's motion for summary judgment, finding that "the evidence which has been presented is insufficient, as a matter of law, with regard to the claims of the plaintiff that an oral contract was made by the parties to enter into a partnership agreement. The Court cannot enforce the alleged partnership agreement, as

there is insufficient evidence of a meeting of the minds as to the basic terms and conditions of the claimed partnership." [1]

{¶ 9} Zelina timely appealed, asserting one assignment of error for review.

II

### Assignment of Error

Appellant's response and attached exhibits to appellee's motion for summary judgment established that genuine issues of material fact existed and that based upon the evidence reasonable minds could come to differing conclusions, making the award of summary judgment improper.

{¶ 10} In his sole assignment of error, Zelina basically asserts that the trial court erred in granting summary judgment in favor of Hillyer. We disagree.

{¶ 11} An appellate court reviews a grant of summary judgment de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691. Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

Any doubt is to be resolved in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 12} In this case, the parties both agree that they had never executed a written agreement regarding the alleged partnership and that property was never placed in any partnership name. However, Zelina maintains that the parties had an oral partnership agreement. The existence of a contract is a question of law. *Telxon Corp. v. Smart Media of Delaware, Inc.*, 9th Dist. Nos. 22098 and 22099, 2005-Ohio-4931, 2005 WL 2292800, at ¶ 40. " '[T]o declare the existence of a contract, the parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be

---

1. Hillyer had also filed a motion for sanctions and costs against Zelina. While the trial court did not explicitly rule on this motion, it is generally understood that a motion not ruled upon is implicitly denied. *Tripp v. Beverly Ent.-Ohio, Inc.*, 9th Dist. No. 21506, 2003-Ohio-6821, 2003 WL 22956442, at ¶ 67.

definite and certain.' " Id. at ¶ 41, quoting *Purdin v. Hitchcock* (Jan. 21, 1993), 4th Dist. No. CA 531, 1993 WL 19508, at *3. Essential to valid contract formation is a meeting of the minds by the parties as to the essential terms of the contract, such that "a reasonable person would find that the parties manifested a present intention to be bound to an agreement." *Telxon Corp.* at ¶ 40. An oral contract may be ascertained from the parties' words, deeds, acts, and silence. Id., citing *Kostelnik v. Helper,* 96 Ohio St.3d 1, 770 N.E.2d 58, 2002-Ohio-2985, at ¶ 15.

{¶ 13} In the instant case, the trial court determined that the evidence presented was insufficient to establish Zelina's claim of an oral partnership agreement. In our analysis, we must follow the summary-judgment standard, which provides that the party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.

{¶ 14} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791. In its review of a grant of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." *Am. Energy Servs., Inc. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315.

{¶ 15} Thus, we must first look to Hillyer's summary-judgment motion to determine whether she initially met her *Dresher* burden. Hillyer asserted that Zelina based his case on what he thought had occurred between the parties and his own understanding of what the alleged partnership would specifically concern. Hillyer attached an affidavit to her motion, in which she asserted the following: (1) the parties never entered into a partnership agreement to divide any funds from her investments, (2) the parties agreed only that Zelina "came in with one luggage, he left with one luggage," (3) Zelina in fact benefited from her investments and inheritances during the cohabitation, (4) Hillyer performed most of the work on the rental properties and Zelina's contribution was very minimal, and (5) the quitclaim deeds executed by Zelina supported her assertion that the parties never had entered into a partnership agreement.

{¶ 16} In addition, Hillyer appended copies of deeds to the various properties, including the quitclaim deeds that Zelina executed, as well as copies of both parties' depositions, all of which substantiated the statements she made in her affidavit. Specifically, the depositions demonstrated that the parties had inconsistent understandings of Zelina's rights with respect to Hillyer's various property investments and inheritances. Zelina's deposition testimony merely reflected his assumptions regarding his rights to any properties. Hillyer explained during her deposition that the parties had a "precise" arrangement from the beginning of their relationship. Specifically, Hillyer explained, "[Zelina would] move in with a luggage, [he would] move out with a luggage, if I'm generous to put any deeds or any real estate in [his] name, and [Zelina] promised that he would sign off [on the deeds], and he always did." Hillyer stated that she had made it clear to Zelina on several occasions during their ten-year relationship that if the time came, "[Zelina] was taking [his] luggage and that's it." Hillyer also maintained during her deposition that Zelina never contributed any funds towards the purchase of real estate. Hillyer's summary-judgment motion showed that no genuine issue of material fact remained whether the parties had reached a meeting of the minds as to Zelina's rights to Hillyer's assets. See *Telxon Corp.* at ¶ 40.

{¶ 17} Thus, the burden then shifted to Zelina to point to or submit evidentiary materials that showed that a genuine dispute over material facts remained. See *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. In his brief in opposition to the summary judgment motion, Zelina argued that it was "clearly evident" that an oral contract existed between the parties, asserting that it was while the parties lived at the Tanglewood residence that they reached an agreement to buy and sell/rent real estate. Zelina merely referred to his deposition testimony, which reflected *his own expectation* of what financial arrangement the parties would have and actually illuminated the fact that the parties never reached a meeting of the minds as to the essential nature and terms of the alleged partnership agreement. Zelina explained, "We were doing some work on her house on Illinois, and I remember mentioning it to her to maybe try to sell that house and get something a little better and easier to take care of and rent it out." When asked by counsel whether the parties had any discussion regarding sharing profits and real estate purchases, Zelina responded, "We were together. Well, I thought we'd stay together and I figured everything would be 50/50."

{¶ 18} Thus, the testimony that Zelina refers to only strengthens the fact brought up by Hillyer that this sharing arrangement resided in Zelina's own expectations and assumptions about the parties' relationship. In fact, Zelina admitted in his brief in opposition to the motion, as well as on appeal, that the nature and terms of the alleged agreement were in dispute. Zelina has plainly

failed to demonstrate that the parties manifested a meeting of the minds such that an agreement to have a partnership was reached. See *Telxon* at ¶ 41. Therefore, we find that Zelina failed to meet his *Dresher* burden in this respect. See *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 19} Zelina also argues that the doctrine of promissory estoppel applied in this case to enforce an alleged promise made by Hillyer to share in profits. The promissory estoppel doctrine requires an actual reliance to one's detriment on a clear and unambiguous promise that would be objectively reasonable and foreseeable to rely upon. *Telxon* at ¶ 59. However, Zelina did not point to any evidence that Hillyer had clearly and unambiguously promised to share the rent profits and returns on investment that she enjoyed during their ten-year cohabitation. Zelina averred that he had contributed labor and funds towards the purchase of certain properties, that the parties had filed joint tax returns, and that he was a cosigner on some of the mortgages. He asserted that he had contributed funds towards Hillyer's New Jersey property, but he did not produce any evidence to show that the money he deposited in his account had actually been used for this property. Zelina also mentioned that he had purchased a few sheds for the property, but did not produce documentation of these purchases.

{¶ 20} In addition to failing to provide documentary evidence to support these assertions, Zelina has failed to demonstrate that his claimed reliance on an alleged promise had ultimately worked to his detriment. The evidence presented by Hillyer showed that Zelina had in fact benefited from the parties' living arrangement. During their relationship, Hillyer allowed Zelina to live with her, bought him necessities such as clothing, purchased cars for Zelina, and maintained the properties in which they resided. Zelina even stated during his deposition that the extent of work he had performed on the properties consisted of painting and plumbing. In fact, Zelina acknowledged during his deposition that when it came to managing the properties, "[Hillyer] took care of all the renting properties," including collecting rent, paying the bills, and getting proposals for work to be done. He also admitted that he had not contributed any funds towards the payment of outstanding mortgage and home-equity line debts when he left Hillyer in 2001. Zelina did not present any arguments or evidence to contest any of these facts.

{¶ 21} Zelina has also asserted that the parties bought, sold, and rented real property and shared in the profits during their relationship, and that pursuant to the Uniform Partnership Law, R.C. Chapter 1775, this is prima facie evidence of a partnership. See R.C. 1775.06. However, Zelina failed to produce any evidence to demonstrate that the parties had actually shared in profits or that Zelina had received payments from the gross returns of the real property investments. See R.C. 1775.06(C) and (D); R.C. 1775.05.(A). In fact, during his

deposition Zelina stated that any proceeds from property sales had been used to pay off home equity lines or invested in other properties; Zelina did not present evidence to refute this fact.

{¶ 22} Ultimately, Zelina did not support his argument with references to specific evidentiary materials set forth in Civ.R. 56(E) and thus failed to meet his own *Dresher* burden of demonstrating that a genuine issue of material fact remained. See *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 23} Based upon the foregoing, we find that Hillyer was entitled to judgment as a matter of law, and therefore the trial court did not err in granting Hillyer's motion for summary judgment. Although the court appears to have based its ruling on the insufficiency of the evidence presented by Zelina rather than the parties' respective summary-judgment burdens, we nevertheless affirm the judgment of the trial court because it reached the correct result, albeit for the wrong reason. See, generally, *Mowery v. Shoaf*, 148 Ohio App.3d 403, 773 N.E.2d 1053, 2002-Ohio-3006, at ¶ 25.

{¶ 24} Accordingly, Zelina's sole assignment of error is overruled.

## III

{¶ 25} Zelina's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

SLABY, P.J., and WHITMORE, J., concur.

BAIRD, J., retired, of the Ninth Appellate District, sitting by assignment.