DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Donna Gauman, and dismissed the complaint filed by appellant, Greg DeCapio. On appeal, appellant sets forth the following two assignments of error: *Page 2 
 {¶ 2} "Assignment of Error No. 1:
 {¶ 3} "The lower court erred in relying upon 'Zelina v Hillyer, C.A. 9th, Lorain, 165 Ohio App. 3rd 255, decided November 2, 2005,' a case that is clearly distinguishable for lack of any indicia of detrimental reliance by Zelina on an oral agreement as exists in the instant case.
 {¶ 4} "Assignment of Error No. 2:
 {¶ 5} "The lower court erred in relying upon Zelina where there is no claim for unjust enrichment, and unjust enrichment is central to Appellant's claims."
 {¶ 6} The undisputed, relevant facts are as follows. On December 31, 1993, appellant and appellee, an engaged couple, purchased four parcels of real estate on Johnson's Island in Erie County, Ohio ("Johnson's Island property"). Appellant and appellee each contributed one-half of the $225,000 purchase price; however, title to all four parcels was placed in appellee's name for tax purposes.[1]
 {¶ 7} After purchasing the Johnson's Island property, appellant and appellee extensively remodeled a cottage situated on one of the four parcels. In addition, they built a garage adjacent to the cottage and constructed a barn on one of the other three parcels. Appellant, a carpenter and general contractor by trade, either performed or supervised the work done on each of the buildings. Each party contributed one-half of the $110,000 cost for construction supplies. *Page 3 
 {¶ 8} In December 1999, the parties decided to build an additional home in Florida and divide their time equally between that state and Ohio. However, shortly after going to Florida, the parties separated and appellee moved back to Ohio, where she began living in the cottage on Johnson's Island. On July 6, 2002, appellee gave appellant a check for $185,515.33, representing appellant's one-half of the purchase price, construction materials and supplies used to remodel the cottage.
 {¶ 9} On October 7, 2004, appellant filed the complaint herein, in which he asked the trial court to order appellee to pay him "compensatory damages for breach of contract." Specifically, appellant claimed that, at the time the Johnson's Island property was purchased, he and appellee agreed that they would each own one-half of the property. Appellant further claimed that the parties agreed that the appreciated value of the property was $550,000. Accordingly, appellant sought an additional payment of $90,000. Alternatively, appellant sought unspecified damages under a theory of unjust enrichment. Appellee filed a timely answer.
 {¶ 10} On April 12, 2006, appellee filed a motion for summary judgment and memorandum in support, in which she claimed that appellant was not entitled to additional reimbursement as a matter of law. In support, appellee argued that no breach of contract occurred because the parties never agreed they would each own one-half of the Johnson's Island property. In addition, appellee argued that any agreement the parties may have made to share ownership was oral and, therefore, its enforcement is barred by the Statute of Frauds. Appellee also argued that appellant's work on the cottage was *Page 4 
insufficient to remove his claim from the Statute of Frauds, because appellant could not prove the existence of an underlying contract. In addition to the above, appellee argued that she was not unjustly enriched by appellant's efforts, since the improvements benefited both parties while they shared the cottage, and she "fairly, justly and generously reimbursed [appellant] for all of his share of the costs that were put into the* * * property." Attached to appellee's motion was a copy of the deed to the Johnson's Island property, in which appellee was listed as the sole grantee, and a copy of divorce papers filed in Florida in 2004, by appellant and his ex-wife, Dell Fletcher-DeCapio, in which appellant failed to list the property as an asset.
 {¶ 11} On May 15, 2006, appellant filed a response, in which he argued that appellee is not entitled to summary judgment because: 1) a genuine issue of fact remains as to whether his work on the property constitutes partial performance of the agreement; and 2) the parties presented conflicting evidence as to whether they agreed to share equally in appreciated value of the property. Alternatively, appellant argued that appellee would be unjustly enriched by his labor if she were allowed to keep all of the property's appreciated value for herself.
 {¶ 12} In support, appellant relied on his own affidavit, in which appellant stated that he accepted the $185,000 reimbursement check from appellee in 2002; however, when he asked her for the extra $90,000 several months later, she said he "didn't deserve" the rest of the money. Attached to appellant's affidavit were pictures of the Johnson's *Page 5 
Island property, showing the substantial improvements made as a result of appellant's labor.
 {¶ 13} In addition to the above documents, both parties referred to appellant's deposition testimony in support of their respective motions. In his deposition, appellant stated that he paid one-half of the purchase price for the Johnson's Island property, and he personally either performed or supervised renovations of the cottage, garage, and barn. Appellant also stated that, after appellee left Florida to return to Ohio, she asked for statements concerning the cost of the work he performed on the property, "for taxes on sale." She then paid him $185,000 and said she would pay him the rest of his half of the equity after she sold the cottage in "a year or so."
 {¶ 14} Appellant further testified that title to the property was placed in appellee's name so appellee could avoid paying capital gains taxes on the sale of her rental properties. In addition, appellant stated that the parties agreed to share ownership of the property "fifty-fifty," and they agreed that the appreciated value of the property was $550,000. Appellant further stated that appellee paid the taxes, association dues, and utilities on the Johnson's Island property; however, during that same period of time, appellant paid for maintenance, taxes and utilities on the parties' primary residence in Medina, Ohio.
 {¶ 15} On May 25, 2006, appellee filed a reply, in which she argued that summary judgment is appropriate in this case because "no provision was ever made as to how the *Page 6 
property would be divided should the parties end their relationship." Appellee concluded that appellant is not entitled to one-half of the property's appreciated value.
 {¶ 16} Attached to appellee's reply was her own affidavit, in which appellee stated that she and appellant "each paid one-half of the $225,000.00 purchase price" of the Johnson's Island property. In addition, appellee stated that she and appellant agreed the property would be titled in her name, appellee paid "any real estate taxes, insurance, utilities [and] association fees * * *," and appellee and appellant "both participated in the improvements to the property." Appellee also stated that she and appellant ended their relationship in January 2002, and she paid appellant "$185,000 for "his one-half of the purchase price plus one-half of the cost of materials and supplies used for improvements" on July 6, 2002.
 {¶ 17} On June 29, 2006, the trial court journalized a "Decision and Judgment Entry" in which it stated that the case is "almost a mirror" of the scenario presented in Zelina v. Hillyer, 165 Ohio App.3d 255,2005-Ohio-5803. Thereafter, the trial court summarily granted summary judgment to appellee, and instructed appellee's counsel to "prepare an appropriate judgment entry." On July 28, 2006, the trial court journalized a final judgment entry in which it found, based on a review of the pleadings, the parties' affidavits, and appellant's testimony, that "no genuine issues of material fact exists" in this case and, therefore, appellee is entitled to summary judgment as a matter of law. A timely notice of appeal was filed that same day. *Page 7 
 {¶ 18} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 19} In Zelina v. Hillyer, supra, the plaintiff, John Zelina, filed a complaint against his ex-girlfriend, Phyllis Hillyer, which alleged that he and Hillyer had an oral agreement to share equal ownership of certain real estate acquired by Hillyer during the parties' ten-year cohabitation. Hillyer filed a motion for summary judgment. After reviewing the evidence presented by both parties, the trial court found that Zelina presented no evidence of a meeting of the minds as to the basic terms and conditions of a contract to share equal ownership of the properties. On that basis, the trial court granted Hillyer's motion for summary judgment and dismissed the complaint.
 {¶ 20} On appeal, the Ninth District Court of Appeals reviewed the trial court's record and found that the evidence presented by Zelina established only "his own expectation of what financial arrangement the parties would have and actually illuminated the fact that the parties never reached a meeting of the minds as to the essential nature and terms of the alleged partnership agreement." Zelina v. Hillyer, supra, ¶ 17. In addition, the appellate court found that Zelina contributed nothing to the alleged *Page 8 
partnership, either financially or by physically improving the properties. Therefore, Zelina failed to demonstrate that he detrimentally relied on a promise by Hillyer that the parties would share equally in the profits of her real estate endeavors. Id., ¶ 20. Ultimately, the trial court's judgment was affirmed. Id., ¶ 23.
 {¶ 21} In his first assignment of error, appellant asserts that the trial court erroneously relied on Zelina v. Hillyer, supra, in concluding that appellant is not entitled to share in the appreciated value of the Johnson's Island property. In support, appellant argues that, unlike Zelina, a genuine issue of fact remains in this case as to whether the parties agreed to share ownership of the property. In addition, appellant argues that, if such an agreement existed, it is not barred by the Statute of Frauds, since appellant partially performed in reliance on the agreement when he paid one-half the purchase price and extensively improved the property through his own efforts. Similarly, in his second assignment of error, appellant argues that appellee will be unjustly enriched by appellant's efforts if she is allowed to retain all of the property's appreciated value. Since these two assignments of error are interrelated, we will consider them together.
 {¶ 22} At first glance, the facts presented in this appeal are similar to those presented in Zelina v. Hillyer. In both cases, the parties were unmarried and co-habited for several years, and one party sought to retain all profits from the sale of real estate purchased during the relationship. However, unlike Zelina, it is undisputed in this case that appellant and appellee agreed to and did, in fact, each contribute one-half of the property's purchase price and one-half of the price of materials to improve the property. *Page 9 
In addition, unlike Zelina, appellee acknowledged that appellant had some rights in the Johnson's Island property when she paid back his one-half contribution for those expenditures. The critical issue yet to be resolved, then, is whether appellant has acquired an equitable ownership in the property which entitles him to share in some portion of its appreciated value.
 {¶ 23} Ohio courts have long recognized that "`[w]here a transfer of property is made to one person and a part of the purchase price is paid by another, a resulting trust arises in favor of the person by whom such payment is made in such proportion as the part paid by him bears to the total purchase price, unless he manifests an intention that no resulting trust should arise or that a resulting trust to that extent should not arise.'" Glick v. Dolin (1992), 80 Ohio App.3d 592, 597, quoting Restatement of Law 2d, Trusts, (1959), 393, Section 454. In such cases, "the equitable owner has an interest in such proportion as the amount he paid bears to the total purchase price." Id. (other citations omitted).
 {¶ 24} At trial, the terms of a deed granting sole ownership to one party may be contradicted by parol evidence that the property was intended to be held in trust for the benefit of another. Glick, supra, at 599. Once a purchase money resulting trust is thus established, its enforcement is not barred by the Statute of Frauds. Dawson v.Whatmough (Aug. 31, 1984), 11th Dist. No. 1405. However, circumstances which purport to give rise to a resulting trust may be rebutted by evidence that the transfer was intended as a gift. Belfer v.Spiegel (1984), 18 Ohio App.3d 64, 65, citing John Deere *Page 10 Indus. Equip. Co. v. Gentile (1983), 9 Ohio App.3d 251); Markert v.Bosley (Feb. 23, 1965), 2 Ohio Misc. 109, 116.
 {¶ 25} This court has reviewed the entire record that was before the trial court and, on consideration thereof and the law, finds that an issue of fact remains as to whether a purchase money resulting trust was created which entitles appellant to an equitable one-half interest in the Johnson's Island property. Accordingly, the trial court erred by finding that appellant had no interest in the appreciated value of the property as a matter of law, and granting summary judgment to appellee on that basis. Appellant's two assignments of error are well-taken.
 {¶ 26} The judgment of the Ottawa County Court of Common Pleas is hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 11 
Arlene Singer, J., Thomas J. Osowik, J., CONCUR, Mark L. Pietrykowski, P.J., DISSENTS.
[1] Appellee, a realtor, owned rental property which she sold to help pay her portion of the purchase price. The Johnson's Island property was put in her name to avoid capital gains tax as a result of that sale.