[Cite as *Kallas v. Manor Care of Barberton, OH, L.L.C.*, 2017-Ohio-76.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KIMBERLY KALLAS

    Appellee

    v.

MANOR CARE OF BARBERTON, OH,
LLC DBA MANORCARE HEALTH
SERVICES - BARBERTON, et al.

    Appellants

C.A. No.     28068

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2015 08 3959

DECISION AND JOURNAL ENTRY

Dated: January 11, 2017

---

WHITMORE, Judge.

{¶1} Appellants, Manor Care of Barberton OH, LLC d/b/a ManorCare Health Services-Barberton ("ManorCare Barberton") and HCR ManorCare, Inc. ("HCR ManorCare") (jointly "ManorCare"), appeal the decision of the Summit County Court of Common Pleas denying their motion to stay proceedings pending arbitration. This Court affirms.

I.

{¶2} On June 21, 2013, Kimberly Kallas was admitted to ManorCare Barberton for physical and occupational therapy following treatment at Akron City Hospital. Ms. Kallas, who was born with spina bifida, was 41 years old at the time of her admission to ManorCare Barberton. During her admission, she signed a number of documents including a "Voluntary Arbitration Agreement."

{¶3}  Ms. Kallas, subsequently, filed suit against ManorCare Barberton and HCR ManorCare.  Based on the Arbitration Agreement, ManorCare moved to stay the proceedings pending arbitration.  Ms. Kallas opposed the motion.

{¶4}  While not denying that she had signed the Agreement, Ms. Kallas argued that the Agreement failed to identify ManorCare Barberton or HCR ManorCare as parties to it.  The Agreement states it was "[m]ade on  6/21/13 (date) by and between the Patient  Kim Kallas  or Patient's Legal Representative   self   (collectively referred to as 'Patient') and the Center _____."  The date, Ms. Kallas' name, and the word "self" were handwritten on blank lines.  The line following "Center" was left blank.  The agreement was signed by Kim Kallas and a "Center Representative."  The signature block also contained Ms. Kallas' printed name and the date.  It did not contain the printed name of the "Center Representative" or further identify the "Center."  Ms. Kallas argued that, because the Agreement did not contain "any actual designation of who are the actual parties to the Agreement other than [Ms.] Kallas[,]" it was unenforceable.  She also argued that the Agreement was unconscionable and unenforceable on that basis as well.

{¶5}  The trial court denied the motion to stay proceedings pending arbitration.  The court found that the Arbitration Agreement identified Ms. Kallas as a party, but lacked a counterparty.  The court concluded that, without the identity of the parties to be bound, the Agreement was unenforceable.  The trial court did not reach the issue of unconscionability.

{¶6}  ManorCare Barberton and HCR ManorCare appeal raising one assignment of error.

II.

Assignment of Error

THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT-APPELLANTS' MOTION TO STAY PROCEEDINGS PENDING ARBITRATION WHERE THERE EXISTS A VALID AND ENFORCEABLE ARBITRATION AGREEMENT.

{¶7} In their sole assignment of error, ManorCare Barberton and HCR ManorCare argue that the Arbitration Agreement was valid and enforceable because ManorCare Barberton was a party to it. In the alternative, they argue that ManorCare Barberton and HCR ManorCare were third-party beneficiaries of the Agreement. We disagree.

{¶8} "Generally, we review a trial court's disposition of a motion to stay trial pending arbitration under an abuse of discretion standard." *Broughsville v. OHECC, LLC*, 9th Dist. Lorain No. 05CA008672, 2005-Ohio-6733, ¶ 16. However, "[b]efore a party may be bound by the terms of an arbitration agreement, there must in fact be a contract which requires the arbitration of the parties' disputes and claims." *Koch v. Keystone Pointe Health & Rehab.*, 9th Dist. Lorain No. 11CA010081, 2012-Ohio-5817, ¶ 9. Whether a contract exists is a matter of law. *Zelina v. Hillyer*, 165 Ohio App.3d 255, 2005-Ohio-5803, ¶ 12 (9th Dist.); *see also Westerfield v. Three Rivers Nursing & Rehab. Ctr.*, 2d Dist. Montgomery No. 25347, 2013-Ohio-512, ¶ 20 ("Whether the parties have executed a valid written arbitration agreement is a matter of state contract law."). We review matters of law and contract interpretation de novo. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, ¶ 38. The identity of the parties to be bound is an essential term for an enforceable contract to exist. *Summit Tree & Landscaping v. Stow Contracting, L.L.C.*, 9th Dist. Summit No. 24515, 2009-Ohio-5794, ¶ 8.

{¶9}    In the present matter, the Arbitration Agreement states that it was made "by and between the Patient  Kim Kallas  * * * and the Center _____." The line following the word "Center" was left blank.  The signature of Kim Kallas and a "Center Representative" appear at the end of the document, but the name of the "Center" is not specified.

{¶10}  ManorCare Barberton acknowledges that it "is not explicitly identified in the Arbitration Agreement as the 'Center.'" Nonetheless, it argues that extrinsic evidence demonstrates that the intent was for the "Center" to be ManorCare Barberton.  Therefore, ManorCare Barberton contends that it was entitled to enforce the Arbitration Agreement as a party.

{¶11}  ManorCare cites *Babyak v. DSLangale One, Inc.*, 10th Dist. Franklin No. 08AP-996, 2009-Ohio-4212, in support of its argument that the court should examine extrinsic evidence to determine the identity of a party to the contract.  In *Babyak*, an agreement stated that it was between an individual and one entity, but it was signed by another related entity.  *Id.* at ¶ 8.  The court found that "if the face of the contract contains an ambiguity as to whether the person signed as a party, then a court may consider extrinsic evidence to resolve that ambiguity." *Id.* at ¶ 29.  It was undisputed that the identity of each entity was contained in the agreement – one in the body of the agreement and the other on the signatory page.  *Id.* at ¶ 8, 31.

{¶12}  When there is a disparity between the party identified in the granting clause and the party who signed an agreement, a court may "peruse the contract as a whole to ascertain whether the entirety of the contract resolves the apparent ambiguity." *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, 168 Ohio App.3d 592, 2006-Ohio-4779, ¶ 22 (10th Dist.). But, "when the name of the corporation does not appear upon the face of the agreement, parol

evidence is not admissible to add a party who does not appear therein." *Wallington v. Red-E-Bilt Products, Inc.*, 5th Dist. Richland No. 2423, 1987 WL 4727, *2 (Jan. 13, 1987).

{¶13} In the present matter, ManorCare Barberton is not identified in either the granting clause or the signature block. In fact, ManorCare Barberton does not appear in the Agreement at all. Thus, this case is unlike *Babyak*, where the ambiguity and identity of the entity to be bound appeared on the face of the agreement. Because ManorCare Barberton does not appear upon the face of the Arbitration Agreement, the court properly determined that it was not a counterparty. *See Wallington* at *2.

{¶14} HCR ManorCare is mentioned one place in the Arbitration Agreement. That provision states:

> All claims arising out of or relating to this Agreement, the Admission Agreement or any and all past or future admissions of the Patient at this Center, or any sister Center operated by any subsidiary of HCR ManorCare, Inc. ("Sister Center"), including claims for malpractice, shall be submitted to arbitration.

The trial court found that HCR ManorCare "is only referenced for purposes of identifying 'any sister Center' that is 'operated by any subsidiary of HCR ManorCare.'" ManorCare has not disputed this finding nor has it developed an argument on appeal that HCR ManorCare was a party[1] to the Arbitration Agreement. *See* App.R. 16(A)(7).

---

[1] ManorCare's first issue statement arguably contends that either ManorCare Barberton or HCR ManorCare might be a party to the Agreement. It states, "[ManorCare] Barberton [ ] and HCR ManorCare [ ] are parties or third-party beneficiaries of the Arbitration Agreement thereby entitled to enforce the provisions therein." But, its stated sub-issues clarify that its contention is that ManorCare Barberton was a party and, alternatively, HCR ManorCare and ManorCare Barberton were third-party beneficiaries. The sub-issues presented are: (1) "[ManorCare] Barberton [c]onstitutes the 'Center,' and is [t]herefore [e]ntitled to [e]nforce the Arbitration Agreement as a [p]arty" and (2) "HCR [ManorCare] and [ManorCare] Barberton [a]re [a]t [l]east [t]hird-[p]arty [b]enenficiaries of the Arbitration Agreement."

**{¶15}** Rather, ManorCare argues that HCR ManorCare was entitled to enforce the Agreement as a third-party beneficiary. It further argued that ManorCare Barberton was also "at the very least a third-party beneficiary of the Arbitration Agreement." "Before there can be a third party beneficiary to a contract, there must be a valid contract between a promisor and a promisee." *Guyuron v. Bergdorf*, 9th Dist. Summit No. 16075, 1994 WL 286272, *4 (June 29, 1994). Because the Arbitration Agreement fails to identify the counterparty, there is not a valid contract. *See Summit Tree*, 2009-Ohio-5794, at ¶ 8. Consequently, neither ManorCare Barberton nor HCR ManorCare could be a third-party beneficiary.

**{¶16}** Finally, ManorCare argues, "*If* [ManorCare is] entitled to enforce the provisions of the Arbitration Agreement, [ ] the Arbitration Agreement is enforceable where (1) the claims in the Complaint fall within the provision of the Arbitration Agreement, and (2) no evidence exists to show that the Arbitration Agreement was procedurally or substantively unconscionable." (Emphasis added.) ManorCare implicitly acknowledges that it must first be found entitled to enforce the Agreement before these additional issues can be addressed. In light of our determination that ManorCare was not entitled to enforce the purported Agreement, we need not address its remaining arguments.

**{¶17}** ManorCare's assignment of error is overruled.

III.

**{¶18}** ManorCare's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DANNY M. NEWMAN, JR. and MICHAEL M. MAHON, Attorneys at Law, for Appellant.

LAWRENCE R. BACH and TODD A. MAZZOLA, Attorneys at Law, for Appellee.