MELODY J. STEWART, J.:
*302 {¶ 1} Plaintiff-appellant Lorenzo Gutierrez-Gordillo, defendants/cross-appellees Valentina and Velimir Lucic, 1293 W. 9th, L.L.C., and defendant/cross-plaintiff appellant Cindy Dong, operated a restaurant incorporated as Tomo Hibachi Restaurant and Lounge, L.L.C. Claiming a 15 percent ownership interest in the restaurant, Gutierrez-Gordillo maintained that he had not received any distributions or compensation from Tomo Hibachi, nor had he been given access to the restaurant's financial statements. He filed this action seeking dissolution of Tomo Hibachi and asserted claims for an accounting, breach of contract, breach of fiduciary duty, and unjust enrichment.
{¶ 2} Dong answered the complaint and denied Gutierrez-Gordillo's allegation that he was a member of Tomo Hibachi. She also filed a cross-claim against the Lucics, seeking a dissolution of the business on grounds that she had been forced out of the business by the Lucics. She alleged that during the formation phase of the business, the Lucics misrepresented their financial position - she claimed that their investment capital derived from multiple schemes to defraud the National Credit Union Administration Board.
{¶ 3} The Lucics answered and filed a motion to stay proceedings against Dong and refer the matter to arbitration consistent with the terms of an arbitration clause in Section 7.04 of the Tomo Hibachi operating agreement. Dong filed an opposing brief claiming that the Lucics waived their rights to arbitration, but argued in the alternative that if the court decided to stay the case and refer it to arbitration, Gutierrez-Gordillo's claims should also be referred to arbitration because he raised the same claim for judicial dissolution of the business. Gutierrez-Gordillo gave notice to the court that he agreed with Dong and desired to join her opposition to the motion to stay and/or order arbitration for all parties in the action.
{¶ 4} Finding that Dong and the Lucics had agreed to arbitration in the operating agreement, the court ordered them to submit the matter to arbitration. With respect to Gutierrez-Gordillo, the court held that he "was not a party to the operating agreement[.]" Nevertheless, the court stayed all proceedings on Gutierrez-Gordillo's complaint pending the outcome of arbitration between Dong and the Lucics.
{¶ 5} Dong and Gutierrez-Gordillo have filed a joint appeal. Their sole assignment of error complains that the court erred by finding that Gutierrez-Gordillo was not a party to the Tomo Hibachi operating agreement and, thus, not bound by the arbitration clause.
{¶ 6} The Lucics argue that the issue of whether they agreed to arbitrate disputes with Gutierrez-Gordillo is an initial question for the court. They maintain that Gutierrez-Gordillo was not a member of Tomo Hibachi because they never recognized him as such, a fact that they deem proven by Gutierrez-Gordillo's allegation in the complaint that they had not treated him as a full member of Tomo Hibachi. They maintain that the operating agreement *303 was signed only by themselves and Dong, proving that Gutierrez-Gordillo is not a member of Tomo Hibachi so they have no contractual obligation to engage in arbitration with him.
{¶ 7} None of the parties dispute that the claims made by Gutierrez-Gordillo fall within the scope of the arbitration agreement; the issue is whether Gutierrez-Gordillo is a party to the operating agreement and thus bound to arbitrate his dispute against the Lucics. This is a question of law that we consider de novo. Zelina v. Hillyer , 165 Ohio App.3d 255, 2005-Ohio-5803, 846 N.E.2d 68, ¶ 12 (9th Dist.).
{¶ 8} Attached as Exhibit B to the complaint is an addendum to the Tomo Hibachi operating agreement. It amends Section 3.01 of the operating agreement to state: "By approval of all members the following is hereby admitted as an additional member: Lorenzo Gutierrez Gordillo. The addendum further amends Section 4.01, under the heading "additional members" to state:
By agreement of Initial Members and Additional Member, i.e., all members, additional member Lorenzo Gutierrez Gordillo will contribute to the Company for his membership interest the sum of $140,000.00 as follows: $120,000.00 upon execution of this addendum/agreement and $20,000.00 exactly two months from the date of the execution of this document.
Pursuant to this Addendum/Agreement the following Amendment to the membership interests shall be hereafter be as follows: Each Member shall have equal Voting power.
Cindy Dong 42.5% Valentina Lucic 42.5% Lorenzo Gutierrez Gordillo 15.0%
{¶ 9} The addendum is signed by Valentina Lucic, Dong, and Gutierrez-Gordillo.
{¶ 10} The addendum plainly states that Gutierrez-Gordillo was added to Tomo Hibachi as "an additional member." Section 7.13 of the operating agreement states that the operating agreement "is binding on and will inure to the benefit of the Company, the Members and their respective distributees." Section 1.02(c) states that " 'Agreement' means this agreement, including any amendments." Gutierrez-Gordillo's addition as a member of Tomo Hibachi bound him to the terms of the operating agreement, including the obligation to "submit all disputes arising under or related to this Agreement to binding arbitration according to the then prevailing rules and procedures of the American Arbitration Association."
{¶ 11} It is true that the parties used an "addendum" and not an "amendment" to the agreement. "An amendment is a 'formal revision or addition proposed or made to a statute, constitution or other instrument.' " Skirvin v. Kidd , 174 Ohio App.3d 273, 2007-Ohio-7179, 881 N.E.2d 914, ¶ 16 (4th Dist.), quoting Black's Law Dictionary , 37, 81 (6th Ed.1990). "An addendum is 'a thing that is added or to be added; a list or section consisting of added material.' " Id. Although "addendum" and "amendment" are legal terms of art, the parties did not give any indication that they intended that an "addendum" to the operating agreement would not be the same as an "amendment." Id. Tomo Hibachi could add new members to the operating agreement under Sections 1.02(C) and 7.13 of the operating agreement, and the new members would explicitly be bound by *304 the terms of the entire agreement, including the arbitration clause. The addendum added Gutierrez-Gordillo as a member of Tomo Hibachi, making him subject to all the terms in the operating agreement, including the arbitration agreement.
{¶ 12} In reaching the conclusion that Gutierrez-Gordillo is a member of Tomo Hibachi and, as such, bound by the terms of the operating agreement, including the arbitration clause, we reject the Lucics's assertion that Gutierrez-Gordillo is not a member of Tomo Hibachi because they never recognized him as a member. The Lucics have never affirmatively denied signing the addendum that added Gutierrez-Gordillo as an additional member of Tomo Hibachi. In fact, they do not mention the addendum at all. Whether they refused to treat Gutierrez-Gordillo as a member of Tomo Hibachi after signing the addendum goes to the heart of Gutierrez-Gordillo's breach of contract claim - that despite contributing $140,000 for a 15 percent interest in Tomo Hibachi, he had been denied the rights of ownership. To the extent that the Lucics's claim that Gutierrez-Gordillo may have duped them into signing the addendum (they claim he could not join Tomo Hibachi because he had a criminal record that would adversely affect Tomo Hibachi's ability to hold a liquor license), this is a question for the arbitrator. See Buckeye Check Cashing, Inc. v. Cardegna , 546 U.S. 440, 444-446, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); Discovery Resources, Inc. v. Ernst & Young U.S. L.L.P. , 2016-Ohio-1283, 62 N.E.3d 714, ¶ 13 (9th Dist.) (the validity of the agreement as a whole is an issue for the arbitrators to decide).
{¶ 13} The addendum to the Tomo Hibachi operating agreement makes Gutierrez-Gordillo a party to the operating agreement. It follows that he and the Lucics are contractually bound to arbitrate the complaint to the same extent that the Lucics are contractually bound to arbitrate any disputes with Dong.[1] Questions centering on contract formation and breach are matters for the arbitrator to decide. The assigned error is sustained.
{¶14} Judgment reversed and remanded.
MARY EILEEN KILBANE, P.J., and LARRY A. JONES, SR., J., CONCUR

Dong's answer to the complaint denied for want of knowledge that Gutierrez-Gordillo was a member of Tomo Hibachi. She now maintains that if she has to arbitrate, so, too, does Gutierrez-Gordillo. We assume for purposes of this appeal that Dong agrees that Gutierrez-Gordillo is a member of Tomo Hibachi and therefore subject to the agreement to arbitrate, for Dong cannot have it both ways; she cannot deny for purposes of an answer that Gutierrez-Gordillo is not a member of Tomo Hibachi but argue in the alternative that if she has to arbitrate, so does he.