[Cite as *Scott v. Schuster*, 2019-Ohio-4448.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| JOYCE SCOTT, et al. | | C.A. No. 29253 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID SCHUSTER | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CVG 1801514 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2019

HENSAL, Judge.

{¶1} Joel Helms appeals a judgment of the Barberton Municipal Court that denied him and Joyce Scott, Executrix of the Estates of James and Mildred Helms, a writ of restitution. For the following reasons, this Court affirms.

I.

{¶2} According to Ms. Scott, David Schuster's brother resided in an apartment unit in a building owned by members of the Helms family. When Mr. Schuster's brother died, Mr. Schuster moved into the apartment. According to Ms. Scott, although there was no written lease, Mr. Schuster was required to pay the electric bill for the apartment. When the bill went unpaid and the power was turned off, Mr. Schuster was allowed to run an extension cord to a different unit. The power for that unit and others was eventually turned off for non-payment as well, so Mr. Helms and Ms. Scott decided to evict Mr. Schuster. After serving Mr. Schuster with a three-

day notice, they filed a forcible entry and detainer action against him. They also sought restitution for the unpaid electric bills.

{¶3} The matter proceeded to a hearing before a magistrate. During the hearing, Mr. Schuster alleged that he paid the electric bill the first two months he was in the unit and that he has not received any additional bills from Mr. Helms. Following the hearing, the magistrate found that Mr. Schuster had a month-to-month tenancy and that Mr. Helms and Ms. Scott had not provided him with the 30-day notice required under Revised Code Section 5321.17. It, therefore, ordered that a writ of restitution would not be issued. Mr. Helms objected, but the municipal court overruled his objections and entered a judgment that a writ of restitution would not be issued. Mr. Helms has appealed, assigning as error that the municipal court incorrectly concluded that Mr. Schuster had a month-to-month tenancy.

II.

ASSIGNMENT OF ERROR

DID THE MAGISTRATE MAKE ASSUMPTION OF RIGHTS OF TENANCY REQUIRING 30-DAY NOTICE VS. PRESUMED RIGHTS OF FAMILY/TRUST REQUIRING 3-DAY NOTICE CONTRARY TO EVIDENCE?

{¶4} Mr. Helms argues that the municipal court incorrectly bestowed the rights of a tenant to Mr. Schuster. According to Mr. Helms, because there was no written lease or agreement for the apartment unit and he and Ms. Scott did not receive any value from Mr. Schuster, they did not have a tenant and landlord relationship. "Whether a contract exists is a question of law." *Benefits Evolution, L.L.C. v. Atlantic Tool & Die Co.*, 9th Dist. Summit No. 25405, 2011-Ohio-4062, ¶ 25. "An oral contract may be ascertained from the parties' words, deeds, acts, and silence." *Zelina v. Hillyer*, 9th Dist. Lorain No. 05CA008661, 2005-Ohio-5803, ¶ 12.

{¶5} Section 5321.01(D) provides that a "[r]ental agreement" is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." Ms. Scott testified that she and Mr. Helms allowed Mr. Schuster to live in his brother's former apartment. She testified that they did not want it to be permanent but that, if it was to become permanent, Mr. Schuster would have to pay the electric bill. She also testified that she and Mr. Helms made a demand for Mr. Schuster to pay the electric bill if he was going to stay in the apartment. Mr. Helms and Ms. Scott both testified that they were seeking to evict Mr. Schuster because he had failed to pay the electric bills.

{¶6} Upon review of the record, we conclude a rental agreement formed because there was an oral agreement between Mr. Schuster, Mr. Helms, and Ms. Scott that established the conditions under which Mr. Schuster could occupy the apartment unit. Specifically, Ms. Scott and Mr. Helms would allow Mr. Schuster to reside in the apartment unit as long as he paid the electric bill. According to Mr. Schuster, he paid the bills he received. Because it was not disputed that the unit's electricity usage is billed monthly, we conclude that the trial court correctly determined that the oral rental agreement created a month-to-month tenancy. Under Section 5321.17(B), a landlord may terminate a month-to-month tenancy by giving notice at least 30 days before the periodic rental date. Mr. Helms does not dispute that he and Ms. Scott did not provide Mr. Schuster with a 30-day notice. We, therefore, conclude that the trial court did not err when it declined to order a writ of restitution. Mr. Helms's assignment of error is overruled.

III.

**{¶7}** Mr. Helms's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

DAVID SCHUSTER, pro se, Appellee.